IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| COURTNEY DEVON GOINES, #285781, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 20-00070-KD-B |
| WARDEN COOKS, *et al.*, | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Courtney Devon Goines, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983. The action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and it is now before the Court due to Goines's failure to prosecute and to obey the Court's order. (See Doc. 33).

Goines filed this § 1983 action on February 3, 2020,[1] regarding an incident at Fountain Correctional Facility

---

[1] Under the mailbox rule, a *pro se* prisoner's § 1983 complaint is deemed filed on the date he delivers it to prison officials. Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, the date of delivery is presumed to be the date the prisoner signed the complaint. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Goines appears to have signed his original complaint in this case on February 3, 2020. (See Doc. 1 at 7).

("Fountain") in Escambia County, Alabama. (Doc. 1).[2] In his complaint, Goines alleged that while housed at Fountain on August 3, 2018, he was stabbed by inmate James Gooden during a robbery because an "unknown officer was not on his assigned post." (Doc. 5 at 4). Goines named as Defendants (1) Warden Cooks, (2) the lieutenant who was the shift commander on the date of the incident, and (3) the correctional officer who was assigned to 2 Cell Post on the date in question. (Id. at 5). Upon screening the complaint, the Court advised Goines that a defendant who was not identified by name would not be a party to this action. (Doc. 9 at 2 n.2). Thereupon, Goines eventually identified "T. Dixon" as the unknown officer who was absent from his assigned post at the time of the incident. (Doc. 17; see also Doc. 12 at 2).

Defendants Cooks and Dixon[3] were served and filed their answer and special report. (Docs. 30, 31). After review, the Court, in an order dated April 13, 2021, converted Defendants' answer and special report into a motion for summary judgment. (Doc. 33). In the conversion order, the Court advised the parties that the answer and special report were being converted into a motion for summary

---

[2] Goines was subsequently ordered to file his complaint on this Court's current form for § 1983 prisoner actions (Doc. 4), which he did on April 16, 2020. (Doc. 5).

[3] The waiver of service for Officer T. Dixon was signed by Travontay Dixon. (Doc. 21).

judgment, and that any response in support of or in opposition to the motion were required to be filed by June 1, 2021. (Id. at 4). The conversion order also required Goines to inform the Court in writing, by June 1, 2021, if he desired to continue litigating this action, and it advised him that if he did not inform the Court of his desire to continue litigation by that date, the Court would consider his inaction an abandonment of the prosecution of this action. (Id.). The conversion order also noted that the Alabama Department of Corrections' website indicated that Goines had been transferred to Limestone Correctional Facility ("Limestone"), although he had not notified the Court of this change in address. (Id. at 4-5). Goines had previously notified the Court of other changes in address (see Docs. 24, 27), and he had been cautioned on multiple occasions that failure to notify the Court of a change in address would result in the dismissal of this action for failure to prosecute and to obey the Court's orders. (See Doc. 1 at 7; Doc. 4 at 2-3; Doc. 5 at 7; Doc. 9 at 5; Doc. 15 at 5; Doc. 19 at 4-5). Goines was warned again in the conversion order that the failure to notify the Court of a change in address would result in a recommendation of dismissal being entered. (Doc. 33 at 5).

The Court's conversion order was sent to Goines at Limestone, which was and still is the address for Goines reflected on the Alabama Department of Corrections' website. See Alabama

Department of Corrections Incarceration Details, http://www.doc.state.al.us/InmateHistory (last visited Sept. 3, 2021). To date, Goines's copy of the conversion order has not been returned to the Court, nor has Goines responded to the summary judgment motion or complied with the conversion order's requirement that he advise the Court of his desire to continue litigating this action. And, as noted above, the Alabama Department of Corrections' website reflects that Goines is still incarcerated at Limestone, where the conversion order was sent. Therefore, the undersigned concludes that Goines has abandoned the prosecution of this action.

An action may be dismissed if the plaintiff fails to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 630–631 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In addition to a court's inherent power, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or obey a court order. Brutus v. IRS, 393 F. App'x 682, 683 (11th

Cir. 2010) (per curiam)[4]; Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). A court possesses this power out of necessity "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

In dismissing an action for failure to prosecute or obey a court order, a court exercises its discretion. Link, 370 U.S. at 633; Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (per curiam). The dismissal of an action for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). In this instance, the dismissal of this action without prejudice is warranted for Goines's failure to prosecute and to obey the Court's orders. See Blunt v. U.S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished) (affirming the district court's dismissal of a *pro se* prisoner's action for failure to prosecute when he failed to respond to the summary judgment notice or to show cause

---

[4] Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. See 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

why the action should not be dismissed); Norman v. Harris, 2020 U.S. Dist. LEXIS 139871, at *1 n.1, *4, 2020 WL 4497815, at *1 n.1, *2 (S.D. Ga. July 6, 2020) (recommending dismissal of action without prejudice for plaintiff's failure to prosecute his claim by failing to respond to defendant's summary judgment motion and noting that the report and recommendation served as fair notice to the plaintiff of the court's intent to dismiss and that plaintiff would have an opportunity to respond), report and recommendation adopted, 2020 U.S. Dist. LEXIS 138870, 2020 WL 4493123 (S.D. Ga. Aug. 4, 2020); see also Frith v. Curry, 812 F. App'x 933, 934-35 (11th Cir. 2020) (per curiam) (affirming dismissal of action for failure to prosecute when an inmate did not pay the partial filing fee and did not respond to the Court's order after being warned that failure to comply would result in his action's dismissal).

The Court recognizes that a dismissal of Goines's action without prejudice at this time will be tantamount to a dismissal with prejudice since he will be precluded from filing a viable future action based on claims that arose on August 3, 2018. See Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam) ("[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice."); see also Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc) (noting that there

is a two-year statute of limitations for § 1983 actions in Alabama). However, under the facts of this case, the undersigned finds that Goines has disobeyed orders of this Court, and that "lesser sanctions are inadequate to correct such conduct." See Betty K Agencies, 432 F.3d at 1339.

As noted *supra*, Goines was ordered to inform the Court in writing if he desired to continue litigating this action and was advised that failure to respond would be considered an abandonment of the prosecution of this case. (Doc. 33 at 4). Despite this clear directive, Goines filed nothing in response to the Court's conversion order or the summary judgment motion. Moreover, Goines failed to notify the Court of his most recent address change, despite having been warned no less than six times that he was required to notify the Court of any address change and despite having notified the Court of prior address changes. The undersigned thus concludes that Goines has lost interest in this action, that his failure to inform the Court whether he desires to proceed with this litigation and failure to notify the Court of his change in address constitute willful noncompliance, and that no lesser sanctions could be effectively employed against a noncompliant inmate proceeding *in forma pauperis*. For the foregoing reasons, and considering the time and resources expended by Defendants and the Court, it is recommended that Goines's action be **DISMISSED without prejudice** for failure to prosecute and to

obey the Court's orders.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **3rd** day of **September, 2021.**

                                                  **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**