# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY DEVON GOINES, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 20-00070-KD-B |
| WARDEN COOKS, *et al.*, | ) |
| Defendants. | ) |

## ORDER TO VACATE, REOPEN, AND CONVERT THE ANSWER AND SPECIAL REPORT TO A MOTION FOR SUMMARY JUDGMENT

This action is before the Court on the motion to reopen filed by Plaintiff Courtney Devon Goines (doc. 37) and the response filed by Defendants Warden Mary Cooks and Travontay Dixon (doc. 39).

I. Background

Plaintiff Goines, an Alabama prison inmate proceeding pro se, filed an action under 42 U.S.C. § 1983 alleging that Defendants Cook and Dixon violated his rights under the Eighth Amendment by failing to protect him from an inmate-on-inmate attack at Fountain Correctional Facility in Escambia County, Alabama (doc. 1). In February 2020, when Goines filed his § 1983 complaint, he was imprisoned at Donaldson Correctional Facility at Bessemer, Alabama (doc. 1). In October 2020, he was transferred to St. Clair Correctional Facility at Springville, Alabama (doc. 27). Defendants' answer and special report were sent to Goines at St. Clair (docs. 30, 31).

In April 2021, the Magistrate Judge entered an order converting the answer and special report into a motion for summary judgment (doc. 33). The Magistrate Judge ascertained that Goines was transferred to Limestone Correctional Facility at Harvest, Alabama and the conversion order was sent to that address. In the conversion order, Goines was advised of the

June 1, 2021 deadline for his response, ordered to advise the Court whether he wanted to proceed with the action, and warned that failure to respond may result in dismissal without prejudice (Id.). Since Goines had not given notice of the new address, he was also warned that failure to provide a change of address may result in dismissal without prejudice.[1]

Goines did not respond. The conversion order was not returned as undeliverable. The Magistrate Judge entered a report and recommendation for dismissal without prejudice for failure to prosecute and comply with the Court's orders. The report and recommendation was mailed to Goines at Limestone, and were not returned as undeliverable. Goines did not file an objection. In October 2021, the Court adopted the report and recommendation (docs. 35, 36). The Order and Judgment were mailed to Goines at Limestone and were not returned as undeliverable. The action was dismissed without prejudice.

Approximately six weeks later, Goines moved to reopen this action (doc. 37). He seeks an opportunity to respond to the motion for summary judgment. Defendants state that if the action is reopened, they have no objection to Goines filing his response out of time (doc. 39).

II. <u>Analysis</u>

Goines argues that good cause exists to reopen the action and allow him time to respond. Specifically, that his copy of Defendants' documents was lost or destroyed while he was in the Segregated Housing Unit at St. Clair before he was transferred to Limestone. Goines argues that reopening the action will not prejudice the Defendants nor delay the action. He also states that he desires to continue this litigation.

---

[1] Goines previously notified the Court of other changes of address but had not notified the Court as to the move to Limestone. By way of prior orders, Goines had been advised of his responsibility to provide a current address and warned that failure to do so may result in dismissal (docs. 1, 4, 5, 9, 15, 19).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding[.]" The Rule sets forth several reasons for relief. In this procedural posture, the reasons in subparagraph (1) appear relevant. Specifically, "excusable neglect." Also, pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court may "for good cause" extend the time "[w]hen an act may or must be done within a specified time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

"Excusable neglect can be shown, for example, when the failure to comply with a filing deadline is attributable to negligence. . . . [W]hen making an excusable neglect determination, a court should consider the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." Kocsis v. Fla. State Univ. Bd. of Trustees, 2021 WL 3671137, at *2 (11th Cir. Aug. 19, 2021) (citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 394-5, 113 S. Ct. 1489, 1497-1498 (1993)).

As to prejudice, Defendants do not oppose reopening the action and allowing Goines to respond to the motion for summary judgment. The length of delay in responding to the motion for summary judgment is approximately eight months. Although a lengthy amount of time, the delay does not appear to have a significant impact on the judicial proceedings. His motion for relief from judgment was timely filed within one year of the entry of the Order and Judgment. Fed. R. Civ. P. 60(c) ("for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding."). Moreover, Goines appears to act in good faith despite his past failure to follow the Court's order and abide by the Federal Rules of Civil Procedure.

III. Conclusion

Upon consideration, and for the reasons set forth herein, Goines' motion (doc. 37) is **GRANTED**. The Order and Judgment are **VACATED**, and this action is reopened. Accordingly, the Clerk is directed to mail Goines a copy of this Order, the answer (doc. 30), and the special report and exhibits (doc. 31).

The answer, special report, and exhibits shall be treated as a motion for summary judgment and are exempt from the requirements of S.D. Ala. CivLR 56. This exemption applies to this case alone. These documents, treated as a motion for summary judgment**,** shall be submitted on the motion, the pleadings, and any other documents or other evidence the parties have filed or which any party may wish to file. To ensure the Court has all essential information needed for consideration of the motion for summary judgment, the following is **ORDERED**:

1) Any party desiring to submit additional information or evidence in support of or in opposition to the motion for summary judgment must file such information or evidence with this Court on or before **March 31, 2022.** The Court will not consider this information or evidence unless it complies with Rule 56, as explained below.

**2) Goines specifically asks for an extension of time to respond to the motion for summary judgment (doc. 37). If Goines fails to respond by the specified date, March 31, 2022, his failure will be considered by the Court as an abandonment of the prosecution of this case, and the motion for summary judgment will be treated as unopposed.**

3) Since Goines is appearing pro se, he is cautioned that the granting of this motion for summary judgment would be a final adjudication, which may foreclose subsequent litigation on his claims. See Somerville v. Hall, 2 F.3d 1563, 1564 (11th Cir. 1993); Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

## EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE:

The summary judgment procedure established in Federal Rule of Civil Procedure 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved. (There is attached hereto for your convenience a copy of Rule 56.) Summary judgment goes to the merits of a claim and, if granted, will be a final decision on any claim to which it was applicable. On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue that can be decided only after a trial. Of course, a motion for summary judgment that is denied may be renewed at a later time if justified by the facts of the case.

A plaintiff in a lawsuit may not file a motion for summary judgment until at least twenty (20) days from the commencement of the action or until after the defendant has filed a motion for summary judgment, whichever comes first. Either party may file his motion with, or without, supporting affidavits (written statements of facts sworn to and subscribed before a notary public). A party against whom a motion for summary judgment is filed (or against whom the court has converted another pleading into a motion for summary judgment) is entitled to ten (10) days' notice before a hearing on the motion for summary judgment. Note that many times the court will not conduct a formal hearing on the motion but will simply take the matter under advisement based upon the motion and the opponent's response. In any event, the party against whom the motion is pending is entitled to at least ten (10) days' notice. Within the ten (10) day period, or such other time as set by the court, the party against whom the motion is pending may serve opposing affidavits. Affidavits either in support of or in opposition to a motion for summary judgment must meet the following conditions:

> 1) They must show that the person making the affidavit has personal knowledge of the matters about which he swears.
>
> 2) They must set forth facts, which would be admissible in evidence.
>
> 3) They must affirmatively show that the person making the affidavit is competent to testify about the matters contained in his affidavit.
>
> 4) A certified or sworn copy of any papers or documents referred to in an affidavit must be attached to the affidavit.

With permission of the court, affidavits may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by affidavits, depositions,

answers to interrogatories, admissions, or as otherwise provided in the rules. If a party against whom a motion for summary judgment is filed fails to respond, the materials filed by the moving party may be taken as true.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits to oppose the motion, that party may file a motion fully explaining why such affidavits are unavailable and may request the court to consider his difficulty in disposing of the motion. If the court should find that any affidavit, either in support of or in opposition to a motion for summary judgment, was made in bad faith, the court shall order the party using a bad faith affidavit to pay to the other party his reasonable expenses, including attorney fees, incurred because of the bad faith affidavit. In addition, the party using a bad faith affidavit may be adjudged guilty of contempt.

When the court has received the motion for summary judgment with its supporting documents and the response to the motion with its supporting documents, or when the time for filing such response has expired, it is required to "forthwith" render a judgment if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

**DONE** and **ORDERED** this 14th day of February 2022.

                                                  **s / Kristi K. DuBose**
                                                  **KRISTI K. DuBOSE**
                                                  **UNITED STATES DISTRICT JUDGE**