IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **COURTNEY DEVON GOINES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 20-00070-KD-B |
| | ) |
| **WARDEN COOKS,** *et a*l., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on *sua sponte* review of the docket. Upon consideration, and for the reasons set forth herein, this action is dismissed without prejudice.

Plaintiff Courtney Devon Goines, an Alabama prison inmate proceeding pro se, filed an action under 42 U.S.C. § 1983 alleging that Defendants Cook and Dixon violated his rights under the Eighth Amendment by failing to protect him from an inmate-on-inmate attack at Fountain Correctional Facility (doc. 1). In April 2021, the Magistrate Judge entered an order converting Defendants' answer and special report into a motion for summary judgment (doc. 33). The Magistrate Judge ascertained that Goines had been transferred to Limestone Correctional Facility and sent the conversion order to that address. In the conversion order, Goines was advised of the June 1, 2021 deadline for his response. He was also ordered to advise the Court whether he wanted to proceed with the action and warned that failure to respond may result in dismissal without prejudice. Since Goines had not given notice of the new address, he was also warned that failure to provide a change of address may result in dismissal without prejudice.

Goines did not respond. The Magistrate Judge entered a report and recommendation for dismissal without prejudice for failure to prosecute and comply with the Court's orders (doc. 34).

The report and recommendation were mailed to Goines. He did not file an objection. In October 2021, the Court adopted the report and recommendation, and the action was dismissed without prejudice (docs. 35, 36). The Order and Judgment were mailed to Goines at Limestone.

Approximately six weeks later, Goines moved to reopen this action (doc. 37). He sought an opportunity to respond to the motion for summary judgment. Defendants stated that if the action was reopened, they had no objection to Goines filing his response out of time (doc. 39). On February 14, 2022, the Court vacated the Order and Judgment, again converted the answer and special report into a motion for summary judgment, and granted Goines until March 31, 2022, to respond to the motion (doc. 40). The Court warned of the consequence of failing to respond. Specifically, "if Goines fails to respond by the specified date, March 31, 2022, his failure will be considered by the Court as an abandonment of the prosecution of this case, and the motion for summary judgment will be treated as unopposed" (doc. 40, p. 4).

The Order reopening the action was mailed to Goines at his address of record, Limestone Correctional Facility. To date, the Order has not been returned and Goines has not filed a response to the motion for summary judgment. Thus, Goines again abandoned the prosecution of his case.

Pursuant to the Court's inherent authority, an action may be dismissed *sua sponte* if the plaintiff fails to prosecute or comply with the court's order. Link v. Wabash R.R. Co., 370 U.S. 626, 630–631 (1962). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or obey a court order. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). In this procedural posture, dismissal without prejudice is warranted by Goines' failure to

prosecute and to comply with the Court's orders after the action was reopened specifically so that he may respond to the motion for summary judgment.

The Court acknowledges that dismissal of this action without prejudice is tantamount to a dismissal with prejudice since Goines will likely be precluded from filing another action based on claims that arose in August 2018. Stephenson v. Warden, Doe, 554 Fed. Appx. 835, 837 (11th Cir. 2014) (per curiam) ("[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice."); see also Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc) (Alabama has a two-year statute of limitations for Section 1983 actions). However, the Court finds that Goines consistent failure to comply with the Court's orders and consistent failure to prosecute this action, even when given a second opportunity, renders lesser sanctions inadequate. See Betty K Agencies, 432 F. 3d at 1339.

Accordingly, this action is dismissed without prejudice. Final judgment shall enter by separate order as required by Fed. R. Civ. P. 58(a).

The Clerk is also directed to mail a copy of this Order to Goines.

**DONE** and **ORDERED** this 10th day of May 2022.

                                              **s / Kristi K. DuBose**
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**